UNITED STATES of America, Plaintiff

v.

ROSARIO–MIRANDA, et al., Defendant(s).

Criminal No. 07–212(JAG).

United States District Court, D. Puerto Rico.

June 2, 2008.

G. Andrew Massucco–LaTaif, United States Attorney's Office, San Juan, PR, for Plaintiff.

Rafael F. Castro–Lang, Castro & Castro Law Offices, Fernando J. Carlo–Gorbea, Fernando J. Carlo Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Norberto Rosario Miranda's ("Rosario Miranda") and Maribel Rivera Lopez's ("Rivera Lopez") (collectively "Defendants") Motion for Reconsideration. (Docket Nos. 84 and 85). For the reasons set forth below, the Court **DENIES** the Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2007, a warrant to search Defendants' residence and two vehicles was issued by the State Court. The search warrant was issued as a result of the sworn statement made by state police officer Agent Wilfred Ramos Nieves ("Agent Ramos"). The execution of the search warrant yielded the following items: (1) cocaine "stones," a pistol, $111,242.17 in cash, and drug paraphernalia. With regards to one of the vehicles searched, the

inventory list indicates that a compartment was found in the dash area, which is commonly used to transport drugs, weapons and/or money. (Docket No. 61).

On November 8, 2007, Defendants filed a Motion to Suppress requesting that a *Franks*[1] hearing be held and that after holding the hearing "the Court suppress all items, narcotics, firearms, money and all evidence recovered based on the search warrant" supported by state police officer Agent Ramos' sworn statement. (Docket No. 61). In support of their Motion to Suppress, Defendants filed three sworn statements under penalty of perjury. Two of the statements under penalty of perjury were subscribed by the Defendants themselves. The third statement was subscribed by a witness named Sylvia Rosario Viruet ("Rosario Viruet"). (Docket No. 61, Exh. 3–5). Defendants' Motion to Suppress was referred to a Magistrate Judge. (Docket No. 68). On January 23, 2008, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge concluded that Defendants' request for a *Franks* hearing should be denied. (Docket No. 78).

On February 4, 2008, Defendants objected to the totality of the Report and Recommendation and this Court reviewed *de novo* Defendants' request. (Docket No. 79). On February 19, 2008, this Court issued an Opinion and Order denying Defendants' request for a *Franks* hearing. This Court held that Defendants failed to make a "substantial preliminary showing" that Agent Ramos, knowingly and intentionally or with reckless disregard, falsi-

fied his affidavit.[2] Thereafter, Defendants filed a Motion for Reconsideration. (Docket No. 84).

Defendants' Motion for Reconsideration challenges the statements contained in Agent Ramos' affidavit regarding the events that transpired on May 7, 2007 and May 8, 2007. In his sworn statement, Agent Ramos states that on May 7, 2007 at 1:23pm he entered Urb. Quintas del Rio in a confidential vehicle. Thereafter, Agent Ramos observed Rosario Miranda enter his car with a green box and drive off. Agent Ramos then proceeded to follow Rosario Miranda's car to the parking lot of a track and field complex in Levittown, Puerto Rico. There Agent Ramos observed the witnessed Rosario Miranda take part in a narcotics transaction in which he gave several plastic bags containing cocaine to the owner of a Mazda vehicle with license plate GHJ–644 (hereinafter "May 7, 2007 surveillance"). (Docket No. 61, Exh. 1).

Defendants challenged the validity of the statements regarding the May 7, 2007 surveillance with several sealed exhibits in support of their Motion for Reconsideration. Said exhibits were subsequently unsealed by this Court so the Government could file an informed response to Defendants' Motion for Reconsideration. (Docket No. 88).

The first exhibit filed by Defendants is the record of entries for Urb. Quintas del Rio, Bayamon, which is the urbanization where Defendants' residence is located. The record submitted by Defendants shows that on May 7, 2007, at 1:23 p.m. Agent Yamil Medina entered Defendants'

---

1. A *Franks* hearing is customarily ordered when a Defendant makes a preliminary showing that a warrant's affidavit contains knowing or reckless material falsities or omissions, which may compromise the adequacy of the affidavit. *United States v. Dung Cao*, 471 F.3d 1, 3 (1st Cir.2006)(citing *Franks v. Delaware*, 438 U.S. 154, 155, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)).

2. Defendants must make a "substantial preliminary showing." *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

urbanization in a champagne colored car with license plate number FMC–118. (Docket No. 85, Exh. 1). According to Defendants, this exhibit is proof that Agent Ramos fabricated his alleged surveillance at the urbanization on May 7, 2007. Defendants aver that this evidence also serves as impeaching information about his alleged observations during the May 8, 2007 surveillance. (Docket No. 85).

Regarding the May 8, 2007 events, Agent Ramos states in his affidavit that on May 8, 2007, he observed Rivera Lopez take part in a narcotics transaction. Agent Ramos states that on that date, Rivera Lopez left the residence that was searched and drove one of the cars searched to an area where an individual came out and removed a bag from the car. Agent Ramos, who was following Rivera Lopez, observed that the man opened the bag and took out a transparent plastic bag, which contained several cylinders with white powder. According to Agent Ramos, the white powder appeared to be crack cocaine (hereinafter "May 8, 2007 surveillance"). (Docket No. 61, Exh. 1).

Defendants challenge the truth of the statements made by Agent Ramos regarding the May 8, 2007 events with Sasha Marie Rodriguez Lopez's ("Sasha"), Defendant Rivera Lopez's daughter, sworn statement. Basically, in her statement under penalty of perjury, Sasha denied that her mother took part in a narcotics transaction in May of 2007. Sasha, contrary to Agent Ramos' sworn statement, stresses that she never saw a man come out and remove a bag from the car owned by her mother. (Docket No. 84, Exh. 3).

Defendants also included the affidavit used in support of the criminal complaint in the case at bar, which was prepared by Agent Jannette Lopez of the Drug Enforcement Administration ("Agent Lopez"). (Docket No. 85, Exh. 2). According to Defendants, Agent Ramos' version of the May 8, 2007 surveillance contradicts that of Agent Lopez. Namely, Defendants point to the fact that Agent Ramos mentioned in his sworn statement that during May 8, 2007 surveillance, he followed Rivera Lopez into La Perla where he drove through a small tunnel. There he observed Rivera Lopez park in front of a three story building where a man removed a blue-creme bag from her car. Agent Ramos noted that the bag contained plastic bags which contained crack.[3]

However, Defendants stress that Agent Lopez's affidavit states that Agent Ramos explained to her that he followed Rivera Lopez "until arriving at the vicinity of [the] Main Street that leads to La Perla Community" from where he observed a man remove a blue-creme color bag from Rivera Lopez's car. (Docket No. 85, Exh. 2). According to Defendants, Agent Ramos' statement is inconsistent because he never told Agent Lopez that he entered La Perla. (Docket No. 85). Defendants submitted several photographs of the street leading to La Perla. (Docket No. 85, Exh. 3). According to Defendants, said photographs demonstrate that from the street leading into la Perla it is impossible to see the bottom of the three story building where Agent Ramos allegedly saw a man remove a blue-creme bag from Rivera Lopez's car. (Docket No. 85).

On April 22, 2008, the Government opposed Defendants' request for reconsideration. The Government contends that the inconsistency between Agent Ramos' sworn statement and that of Agent Lopez's affidavit and the photos submitted in sup-

---

**3.** (Docket No. 61, Exh. 1)

port thereof is not sufficient to support Defendants' request for a *Franks* hearing. According to the Government, Defendants' argument is flawed for two reasons: (1) it is basing the *Franks* issue on the statement of Agent Lopez and not the declarant of the search warrant affidavit, which is Agent Ramos; and (2) it presumes that the main street that leads to La Perla community is the one shown in the photographs submitted by Defendants. The Government also stresses that Agent Lopez's affidavit is a second hand generalization of the surveillance described by Agent Ramos and there is no requirement that it be a replica of the sworn statement submitted by Agent Ramos. Furthermore, the Government claims that the photographs filed by Defendants were taken from the wrong location because they were not taken from the tunnel passage described by Agent Ramos' in his sworn statement.

The Government also avers that Defendants are mistaken in supporting their contention that Agent Ramos was not in Urb. Quintas del Rio on May 7, 2007 on the record of entries for said urbanization. The Government alleges that Agent Ramos entered Urb. Quintas del Rio on May 7, 2007, at 1:23pm and in support of said contention it submitted the Puerto Rico Police Department's confidential vehicle log for May 7, 2007 which show that Agent Ramos checked out a vehicle with license plate FMC–118. (Docket No. 95). Furthermore, the Government filed Agent Ramos' sworn statement under penalty of perjury where the police officer explains that on May 7, 2007, he was with Agent Yamil Medina when he entered Urb. Quinta del Rio. Agent Ramos stated that Agent Medina was the one who identified himself to the guard at the urbanization because Agent Ramos forgot to bring his identification card. (Docket No. 96).

## DISCUSSION

It is well settled law that there is a presumption of validity with respect to the affidavit supporting a search warrant. *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). However, a defendant is entitled to an evidentiary hearing under *Franks* when he "makes a substantial preliminary showing that both (1) a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and (2) the allegedly false statement is necessary to the finding of probable cause." *United States v. Reiner,* 500 F.3d 10, 14 (1st Cir.2007) (citing *Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674). Thus, to mandate a *Franks* hearing, a defendant must offer allegations that are more than conclusory and must be supported by more than a mere desire to cross-examine. *Franks,* 438 U.S. at 171, 98 S.Ct. 2674.

Defendants' allegations of deliberate falsehood or of reckless disregard for the truth must be accompanied by an offer of proof. *Id.* Adequate offers of proof include affidavits or sworn or otherwise reliable statements of witnesses. *Id.* They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. *Id.*

■ Defendants argue that the record of entries for Urb. Quintas del Rio demonstrate that Agent Ramos' sworn statement is false because he was never there. However, the exhibits submitted by the Government demonstrate that the car that entered said urbanization which had license plate number FMC–118 was checked out by Agent Ramos from the Puerto Rico Police Department. Furthermore, there is a sworn statement by Agent Ramos that explains that Agent Yamil Medina name

appears in the record of entries because he accompanied him on that date and also was the one that identified himself to the security guard at the urbanization.[4] As such, we agree with the Government's contention that the record of entries for Urb. Quintas del Rio fail to show that Agent Ramos' sworn statement is false.

In support of their request for reconsideration, Defendants also offered Agent Lopez's affidavit as evidence of the falsity of Agent Ramos' affidavit. Defendants stressed that in Agent Lopez's affidavit no mention was ever made that Agent Ramos entered la Perla. According to Defendants, this omission warrants a *Franks* hearing.

It is well settled that a material omission of information may also trigger a *Franks* hearing. *United States v. Castillo*, 287 F.3d 21, 25 (1st Cir.2002). However, to mandate a *Franks* hearing Defendants must demonstrate that the omission was "made knowingly and intentionally" or "with reckless disregard for the truth" and whether the omission was "necessary to the finding of probable cause." *Id.*

Agent Lopez's affidavit is a second hand generalization of what Agent Ramos expressed to her. Even though Agent Lopez's affidavit does not expressly state that Agent Ramos entered la Perla, it is generally consistent with all of Agent Ramos' affidavit. We interestingly note that among the facts that are in consonance with Agent Ramos' affidavit, are the facts regarding the May 8, 2007 surveillance. Agent Lopez's statement states that on May 8, 2007, Agent Ramos saw Rivera Lopez enter La Perla and park in front of a three story building where a man, who was standing outside the building, removed a bag containing illegal narcotics from River Lopez's car.

This Court finds that Defendants' allegation that Agent Ramos' sworn statement is inconsistent with Agent Lopez's affidavit demonstrate only a mere desire to cross-examine. At most, the failure to include that Agent Ramos entered La Perla was a mistake, which is not sufficient under *Franks*. Therefore, this Court holds that this offer of proof falls far short of the "substantial preliminary showing" of intentional or reckless omission required by the *Franks* test.

Moreover, it is important to note that the photos submitted by Defendants are not of the street described by Agent Ramos in his sworn statement. They are photos of what Defendants believe to be the street leading to la Perla as stated in Agent Lopez's affidavit. The affidavit that supported the search warrant in this case is not Agent Lopez's second hand version of what Agent Ramos told her. In order to succeed in their *Franks* hearing request, Defendants must demonstrate that Agent Ramos' affidavit has a false statement and that said statement was necessary to the finding of probable cause. Thus, a "substantial preliminary showing" of falsity could be accomplished if Defendants file a photo of the street described in Agent Ramos' affidavit where he allegedly saw Rivera Lopez perform a narcotics transaction. To satisfy the *Franks* test said photo must demonstrate that from that viewpoint it is impossible to see the

---

**4.** This Court finds that the record submitted by the Government which shows that on May 7, 2007, Agent Ramos checked out the police vehicle with license plate number FMC–118 is sufficient to demonstrate that Defendants by submitting the record of entries for Urb. Quinta del Rio failed to proffer a "substantial preliminary showing" that Agent Ramos' sworn statement was false.

bottom of the three story building where the alleged drug transaction occurred on May 8, 2007. However, this is not what Defendants have done. Defendants conveniently chose to photograph a street that leads to La Perla as stated in Agent Lopez's affidavit and not Agent Ramos' affidavit.[5] As just mentioned, the fact that Agent Lopez's omitted to state that Agent Ramos entered La Perla can only be considered a mistake or inadvertent omission. The photos submitted by Defendants, if anything, show that Agent Lopez's affidavit contained a mistake because it is not identical to Agent Ramos' sworn statement. However, said photos do not show that Agent Ramos deliberately lied in the sworn statement that supported the search warrant issued by the State Court. As such, this Court finds that Defendants again have failed to offer proof that is sufficient to warrant a *Franks* hearing.

██ In addition, we find that Sasha's sworn statement does not sway this Court to rule otherwise. As stated in our Opinion and Order, (Docket No. 80), a "defendant must do more than construct a self-serving statement which refutes the warrant affidavit to overcome the presumption of invalidity." *United States v. Barrientos,* 758 F.2d 1152, 1159 (7th Cir.1985)(citing *United States v. McDonald,* 723 F.2d 1288 (7th Cir.1983)). Thus, said statement together with Defendants' just discussed inadequate offers of proof certainly do not rise to the level of a "substantial preliminary showing." Therefore, this Court finds that Defendants have failed to overcome the presumption of validity that accompanies Agent Ramos' affidavit.

**5.** Agent Ramos described in his affidavit that he entered La Perla through a tunnel, which has a one lane road that leads to the aforementioned three story building. (Docket No. 61, Exh. 1). A picture that demonstrates that

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendants' Motion for Reconsideration. (Docket Nos. 84 and 85).

IT IS SO ORDERED.

from said road it is impossible to see the three story building where the alleged narcotics transaction took place, may be sufficient under the *Franks* test.